ALFRED DAIGNAULT *vs.* JOSEPH E. WOOLISCROFT.

MAY 31, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Specific Performance.  Agency.  Memorandum.  Statute of Frauds.*

Authorization to make a contract for the sale of real estate may be by parol and the authority to make the contract confers authority to sign the written note or memorandum which renders such contract effective and binding.

BILL IN EQUITY for specific performance. Heard on appeal of complainant and appeal sustained.

SWEENEY, J. This is a bill in equity to enforce the specific performance of a written agreement to convey certain real estate. After a hearing in the Superior Court upon bill, answer, issue of fact, and oral proof, a final decree was entered dismissing the bill, and the complainant duly brought the cause to this court upon his claim of appeal from the entry of said final decree.

The bill of complaint avers that the respondent, by his agent thereunto duly authorized, signed a written agreement to sell respondent's real estate described in said agreement to the complainant, and that the respondent refuses to make

the conveyance, although the complainant is ready to comply with the terms of the agreement. The answer denies that said agent was duly authorized to sign the agreement to sell respondent's real estate. The issue of fact is, Was the agent authorized to bind the respondent to sell his real estate? It was admitted that the authority of the agent was not in writing, and the trial justice found that the oral authority granted to the agent to sell the real estate was not binding upon the respondent. In *Sholovitz* v. *Noorigian*, 42 R. I. 282, on page 286 this court held: "By the provision of the statute of frauds in a few jurisdictions it is required that an agent signing such promise, agreement, or note or memorandum thereof, shall be one acting under written authority. There is no such requirement under our statute. In the absence of a statutory provision to the contrary the ordinary rules of the law of agency prevail. Such authorization may be by parol; and the authority to make a contract for the sale of real estate confers authority to sign the written note or memorandum which renders such contract effective and binding."

In 25 Ruling Case Law, Section 324, the principle is stated "Though the view has been taken that the authorization of an agent to enter into a contract required by the statute to be in writing must be in writing, according to the great weight of authority, where the statute merely requires that the contract be signed by the party to be charged or his duly or lawfully authorized agent, it is not necessary that the agent's authority be conferred by writing." See also 20 Cyc. 276; *Preble* v. *Higgins*, 43 R. I. 10.

Upon the testimony in this cause, and the law as herein stated, said agent was duly authorized to sign said agreement, and the complainant is entitled to the relief prayed for.

The complainant's appeal is sustained and the decree of the Superior Court is reversed. The parties may present to this court a form of decree in accordance with this opinion, June 6, 1921, at nine o'clock A. M., standard time.

*Elphege J. Daignault*, for complainant.
*Walling & Walling*, for respondent.